# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEANI ANDERSON,

        Plaintiff,

        vs.                                                 2:18-cv-00642-RB-SMV

DEAN HORTON, and
FRANCES HORTON,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Jeani Anderson's Motion and Application for Prejudgment Writ of Attachment, filed April 11, 2019. (Doc. 30.) On May 20, 2019, Defendants Dean Horton and Frances Horton filed a Notice of Petition of Bankruptcy indicating that they filed a Chapter 7 bankruptcy petition. (Doc. 41.) They assert that the petition operates as an automatic stay of this matter pursuant to 11 U.S.C. § 362(a). (*Id.*) Plaintiff has not filed a response or objection to the Notice of Petition of Bankruptcy. A bankruptcy petition operates as a stay as to attaching property of the bankruptcy estate or property of the debtors. § 362(a). Therefore, the Court concludes that the Motion and Application for Writ of Prejudgment Attachment is not well-taken at this time and is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a new motion for prejudgment attachment if she is granted relief from the automatic stay by the bankruptcy court.

**I.    Background**

Plaintiff provided services to Defendants in the construction and decoration of their 88-room home. (Doc. 30 at 5.) Defendants allegedly failed to pay Plaintiff the full amount owed, and

Plaintiff sued Defendants in a prior action in this Court. (*See* Doc. 1 ¶ 8.) The parties settled. *See Anderson v. Horton*, 2:16-cv-1317 GJF/LAM, Notice of Voluntary Dismissal (D.N.M. Feb. 15, 2017). As part of the settlement agreement, Defendants made a lump sum payment of $200,000. (Doc. 1-A at 3.) The settlement agreement also provided that Defendants would make 48 monthly installment payments of $16,000. (*Id.*) Finally, the settlement provided that Defendants would grant Plaintiff a security interest in an Edward Jones brokerage account. (*Id.* at 4–5.) The settlement allowed Defendants to manage the account but prohibited them from withdrawing principal or income. (*Id.* at 5.)

Plaintiff now alleges that Defendants breached the terms of the settlement agreement by failing to make the required monthly installment payments and failing to grant her a security interest in the Edward Jones brokerage account. (Doc. 1 ¶¶ 12, 15.) Plaintiff also alleges that Defendants fraudulently transferred or concealed assets. (*Id.* ¶ 30.) She asserts that Defendants currently owe her $520,000, and the value of the brokerage account is $191,284.53 as of February 2019. (Doc. 30 at 6, 9.)

In the Motion for Prejudgment Writ of Attachment, Plaintiff asserts she is entitled to prejudgment attachment on the Edward Jones brokerage account because she (1) provided services to the Defendants and (2) Defendants concealed or transferred assets to defraud her creditors. (Doc. 30 at 4, 7.) *See* N.M. Stat. Ann. § 42-9-1(C) (1978) (attachment allowed for concealing or disposing of property to defraud creditors) and (H) (same for debt for work, labor, or services performed by plaintiff).

Defendants filed a Notice of Bankruptcy on May 20, 2019. (Doc. 41.) The Notice states that Defendants filed a Chapter 7 bankruptcy petition on May 17, 2019. (*Id.*) The Notice asserts that the filing of the petition "creates a stay as to all entities pursuant to 11 U.S.C. § 362(a)." (*Id.*)

The Court takes judicial notice of the docket in the Defendants' bankruptcy case, *In re Dean Horton and Frances Horton*, 19-11162-t7 (Bankr. D.N.M. 2019). It appears that Plaintiff has not filed for relief from the automatic stay in the bankruptcy case.

## II.     Analysis

The filing of a bankruptcy petition operates as an automatic stay of, in relevant part, the following: "any act to obtain possession of the property of the estate;" "any act to create, perfect or enforce any lien against the property of the estate;" and "any act to create, perfect, or enforce against property of the debtor[s] any lien to the extent that such lien secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(3)–(5). The bankruptcy petition also operates as a stay of the commencement or continuation of judicial proceedings against the debtors. § 362(a)(1).

Here, Plaintiff has not objected to or responded to the Notice of Bankruptcy filed in this case and has not sought relief from the automatic stay in Defendants' bankruptcy case. The Motion for Prejudgment Writ of Attachment is clearly barred by the automatic stay because Plaintiff is attempting to create a lien against property of the bankruptcy estate or property of the debtors. § 362(a)(4), (5). Moreover, Plaintiff has provided no reason why the automatic stay does not apply to this proceeding. The Court therefore concludes that this case is automatically stayed pursuant to 11 U.S.C. § 362(a)(1).

The Court also finds it appropriate to deny the pending Motion for Prejudgment Writ of Attachment without prejudice, because the bankruptcy proceedings will likely render the motion moot.

The Court does not believe that denying the motion without prejudice violates the automatic stay, because Plaintiff is allowed to refile her motion if the stay is lifted. Moreover, the

Court is not granting or denying the substantive relief requested in the motion. *See In re Lyondell Chem. Co.*, 402 B.R. 596, 606 (Bankr. S.D.N.Y. 2009) (appellate court did not violate automatic stay when it dismissed appeal *without prejudice*). "So long as the appeal can be resumed where it left off and no further burdens are placed on the debtor, the needs and concerns of the debtor, and the bankruptcy court, are equally satisfactorily addressed by either [dismissing the appeal or staying the case]." Here, the parties' positions will be the same whether the Court denies the motion without prejudice or leaves it on the Court's docket. *Id.*

Moreover, several other federal district courts take the same approach and deny motions without prejudice when the automatic stay is in effect. *See, e.g.*, *YRC, Inc. v. Motorcar Parts of Am., Inc.*, No. 14-2067-JTM, 2014 WL 2898052, at *3 (D. Kan. June 26, 2014) (in light of automatic stay, district court denied without prejudice motion to dismiss); *Harris v. Decision One Mortg. Co.*, No. 12-2224-SHM-CGC, 2013 WL 12049106, at *2 (W.D. Tenn. Feb. 5, 2013) (same); *Robert W. Thomas & Anne McDonald Thomas Revocable Tr. v. Inland Pac. Colo., LLC*, No. 11-cv-03333-WYD-KLM, 2013 WL 708493, at *3–4 (D. Colo. Feb. 26, 2013) (same); *Deuty v. Hewlett-Packard Corp.*, No. 10-CV-00562-WYD-KMT, 2012 WL 263386, at *1 (D. Colo. Jan. 27, 2012) (denying motions without prejudice in light of automatic stay); *E. Sav. Bank, FSB v. St. Germain*, No. 3:13-cv-1818 (CSH), 2014 WL 3687740, at *2 (D. Conn. July 22, 2014) (same as to motion for strict foreclosure and order of possession).

Moreover, Plaintiff is unlikely to be prejudiced by denial of the motion without prejudice. Based on the exhibits attached to Plaintiff's motion, it appears that Defendants are subject to other suits for fraudulent transfer or concealment of assets. (Doc. 30-E.) The bankruptcy court likely will prefer to resolve the competing fraudulent transfer and preferential transfer actions itself so as to orderly resolve claims against property of the estate. *See In re Johnson*, 575 F.3d 1079, 1083

(10th Cir. 2009) ("The stay protects debtors from harassment and also ensures that the debtor's assets can be distributed in an orderly fashion, thus preserving the interests of the creditors as a group."). If the bankruptcy court grants Plaintiff relief from the automatic stay, Plaintiff may refile her motion.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion and Application for Writ of Prejudgment Attachment (Doc. 30) is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pursuant to 11 U.S.C. § 362(a).

**IT IS FINALLY ORDERED** that the parties **SHALL NOTIFY** the Court of any orders by the bankruptcy court that provide Plaintiff relief from the automatic stay.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**